## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **METROPOLIS SPECIAL POLICE DEPARTMENT, LLC f/k/a METROPOLITAN SPECIAL POLICE DEPARTMENT,** Address: 1775 I Street, NW, Suite 1150, Washington, DC 20006. | ) ) ) ) ) ) ) | **Civ. Action No. 1:21-cv-2171** |
| **Plaintiff,** | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| **D.A.T.A. MANAGEMENT CONSULTING, LLC** Address: 2008 Gaylord Drive, Suitland MD 20746. Registered Agent: JC Stamps 3150 Monroe St. NE Washington, DC 20018 | ) ) ) ) ) ) ) ) | |
| **and** | ) ) | |
| **GOLD SHIELD SECURITY CONSULTANTS, INC.** Address: 3150 Monroe St, NE, Washington DC 20018. Registered Agent: JC Stamps 3150 Monroe St. NE Washington, DC 20018 | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT

Plaintiff Metropolis Special Police Department, LLC f/k/a Metropolitan Special Police Department ("MSPD" or "Plaintiff"), by counsel, in support of this Complaint against Defendant D.A.T.A. Management Consulting, LLC and Gold Shield Security Consultants, Inc. (collectively, the "Defendants"), states as follows:

## NATURE OF THE ACTION

1.      MSPD brings this suit against Defendants for copyright infringement, trademark infringement, and unfair competition pursuant to the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., Section 43(a) of the United States Trademark Act of 1946, and the common law of the District of Columbia. Plaintiff seeks preliminary and permanent injunctions and damages arising from Defendants' conduct in using Plaintiff's 2-D artwork logo. Because Defendants' conduct is knowing and intentional, MSPD is also entitled to its attorneys' fees.

2.      This is a case about the copyright and trademark infringements of Plaintiff's artwork logo by Defendants.

3.      Plaintiff is the owner of the 2-D visual work it created, and has used and promoted extensively throughout the Washington metropolitan area in connection with its security services.

4.      Plaintiff has invested substantial amount of time and resources in its artwork logo.

5.      Defendants also provide private security services in the Washington metropolitan area. Notably, Defendants provide or have provided those services using a logo that is nearly identical to Plaintiff's logo.

6.      Defendants are not only copying, using, distributed, and/or selling the visual elements of Plaintiff's artwork logo without Plaintiff's permission, but also exploiting the goodwill associated with Plaintiff's logo for its commercial gains. The aforesaid, unauthorized acts are not only in disregard of Plaintiff's rights in the copyrighted elements of Plaintiff's artwork, but also confuse ordinary consumers as to the sources of the parties' services and unfairly compete with Plaintiff's business.

7.      This is a civil action seeking preliminary and permanent injunctive relief, compensatory and punitive damages, and attorneys' fees.

## PARTIES

8.      Plaintiff MSPD is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business at 1775 I Street, NW, Suite 1150, Washington, DC 20006.

9.      Upon information and belief, Defendant D.A.T.A. Management Consulting, LLC is a business organized and existing under the laws of the Maryland with its principal place of business at 2008 Gaylord Drive, Suitland MD 20746.

10.      Upon information and belief, Defendant Gold Shield Security Consultants, Inc. is a business organized and existing under the laws of the District of Columbia with its principal place of business at 3150 Monroe St, NE, Washington DC 20018.

## JURISDICTION AND VENUE

11.      This action is based on the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), Section 43(a) of the United States Trademark Act of 1946, as amended, (the "Lanham Act"), 15 U.S.C. § 1125(a), and the common law of the District of Columbia.

12.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (trademark infringement), 28 U.S.C. §§ 1331 (federal question), and 1338(a) (copyright and trademark infringements)  for the claims arising out of the violations of the Copyright Act and the Lanham Act, has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims arising under the common law of the District of Columbia, and has original jurisdiction pursuant to 28 U.S.C. §§ 1338(b) for the claims of unfair competition that are joined with substantial and related claims under the copyright and trademark laws.

13.     This Court has personal jurisdiction over Defendants as they have engaged in substantial business activities in the District of Columbia and directly targets consumers in the District of Columbia by operating a branch that offers security services to residents of the District of Columbia. Defendant is committing tortious acts in the District of Columbia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the District of Columbia.

14.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a) because Defendant has committed acts of infringements in this judicial district, conducts substantial business in the judicial district, and resides or may be found in this district.

## FACTUAL BACKGROUND

15.     MSPD is a company with offices in northern Virginia and the District of Columbia, and provides police, security, and protective services to its customers in the Washington metropolitan area.

16.     On May 1, 2017, MSPD created and published a 2-D artwork logo (the "Artwork Logo").

17.     The Artwork Logo is registered with the U.S. Copyright Office, and MSPD is the sole and exclusive owner of the Artwork Logo. A copy of the registration certificate is attached hereto as **Exhibit A**.

18.     Since at least as early as May of 2017, MSPD has used the Artwork Logo in connection with its police, security, and protective services.

19.      At no point did MSPD cease using the Artwork Logo in providing its services to its clients in the Washington metropolitan area.

20.     MSPD has expended significant time and resources, and developed considerable and valuable goodwill with respect to the Artwork Logo.

21.     Upon information and belief, Defendants have reproduced the Artwork Logo and/or a substantially similar version thereof without Plaintiff's approval and used it online and on their officer's uniforms since 2018.

22.     Defendants' logo is nearly identical to the Artwork Logo in every way.  They both are a circular logo with a yellow outer ring and a blue interior circle facing the dome of the United Stets Capitol. The words "Special Police" appear in red across the dome of the United State Capitol on both logos.

23.     The only difference between the two logos is that Defendants' logo has "Gold Shield Security Consultants" written near the top in grey whereas the Artwork Logo has "Metropolitan Special Police Department" near the top in grey.

24.     Below is a side-by-side comparison of Plaintiff's Artwork Logo and one of Defendant's infringing logo:



| Plaintiff's Artwork Logo | Defendant's logo |

25.     There exists a clear overlap in the services Plaintiff and Defendants provide.

26.     Moreover, there exists a clear overlap in the geographical regions in which Plaintiff and Defendants' services provided.

27.     On or about January 25, 2019, MSPD sent a cease and desist letter to Defendants.

28.     The letter, a true and correct copy of which is attached as **Exhibit B** hereto, informed that Defendants use a substantially similar logo, and demanded that Defendants cease using the logo online.

29.     Upon information and belief, Defendants notified to MSPD that it will comply with the demands in the letter and subsequently changed its logo online.

30.     However, on or before September of 2020, Defendants resumed their infringing activities by using the Artwork Logo and/or a substantially similar version thereof on Defendants' uniforms.

31.     On or about October 22, 2020, MSPD sent another cease and desist letter to Defendants.

32.     The second demand letter, a true and correct copy of which is attached as **Exhibit C** hereto, informed that Defendants uses a substantially similar logo on their uniforms, and demanded Gold Shield cease using the logo.

33.     MSPD has on multiple occasions witnessed individuals not related to MSPD, including Defendants' security officers, wearing a security patch almost identical to the one used by MSPD. Photographs showing such incidents are attached hereto as **Exhibit D**.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement Pursuant to 17 U.S.C. § 501 et seq.

34.     MSPD repeats and realleges every allegation contained in paragraphs 1 through 33, as if fully set forth herein.

6

35.     MSPD is the sole and exclusive owner of the copyrights of the Artwork Logo, which is duly registered with the U.S. Copyright Office. MSPD has the exclusive rights, among others, to copy the Artwork Logo, to prepare derivative works based upon the Artwork Logo, and to distribute copies of the Artwork Logo by sale, license, or other transfer of ownership, or by rental, lease or lending.

36.     Ignoring multiple demands by MSPD, Defendants have within the United States copied, used, displayed, and distributed the copyrighted Artwork Logo without MSPD's permission or compensating it.

37.     Each individual act of infringement of MSPD's rights in the Artwork Logo constitute a separate and distinct act of infringement.

38.     Even after Defendants' notification to MSPD that it will cease its infringing activities, Defendants did not cease the activities.

39.     These acts have been willful, intentional, and purposeful, and in disregard of and indifference to MSPD's rights.

40.     As a direct and proximate result of Defendant's infringement of MSPD's exclusive rights under the Copyright Act, MSPD is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each individual act of infringement.

41.     Alternatively, MSPD is entitled to the full statutory damages allowed under 17 U.S.C. § 504(c).

42.     MSPD is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

43.     Through its course of conduct, Defendants have demonstrated an intention to continue, without legal right or authorization, to use, copy, and/or display publicly MSPD's copyright within and outside of the United States.

44.     Defendants' conduct threatens to cause, and is causing, and unless enjoined and restrained by this Court, will continue to cause, substantial and irreparable harm to MSPD that cannot be fully compensated with monetary damages. MSPD has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, MSPD is entitled to preliminary and permanent injunctive relief prohibiting further infringement of his copyrights and/or exclusive rights under the Copyright Act.

**<u>SECOND CLAIM FOR RELIEF</u>**

**False Designation of Origin and
False Descriptions and Representations
<u>in Violation of Section 43(a) of the Lanham Act</u>**

45.     MSPD incorporates by reference each and every allegation of paragraphs 1 through 33 above as though fully set forth herein.

46.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) prohibits any person from using in commerce any word, term, name, or false designation of origin or representation connection with its services which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of such services.

47.     By making unauthorized use of Plaintiff's MSPD logo mark in connection with its security services, Defendants have used false designation of origin and false representations in connection with the offer for sale, sale, advertisement, and promotion of its services that are likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with

MSPD and as to the origin, sponsorship, association or approval of Defendants' services by MSPD in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendants' infringing acts will likely continue or resume unless enjoined by this Court.

49.     Defendants' acts have caused and will continue to cause irreparable injury to MSPD. MSPD has no adequate remedy at law and is thus damaged in an amount not yet determined.

### THIRD CLAIM FOR RELIEF

### Unfair Competition in Violation of Common Law

50.     MSPD incorporates by reference each and every allegation of paragraphs 1 through 33 above as though fully set forth herein.

51.     By the acts stated above, Defendants have engaged in trademark infringement in violation of the common law of the District of Columbia.

52.     Defendants' acts have caused and will continue to cause irreparable injury to MSPD. MSPD has no adequate remedy at law and is thus damaged in an amount not yet determined.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

A.     For judgment that Defendants:

i.     have violated 17 U.S.C. § 501 et seq. of the U.S. Copyright Act;

ii.     have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

iii.    have engaged in unfair competition and false advertising in violation of the common law of the District of Columbia.

B.    That a preliminary and permanent injunctive relief on the copyright infringement count, including, but not limited to, relief pursuant to 17 U.S.C. § 502, be issued.

C.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants from:

i.    using the MSPD trademark or any other reproduction, counterfeit, copy or imitation of the MSPD trademark on or in connection with any goods or services;

ii.    engaging in any course of conduct that is likely to cause confusion, deception or mistake as to the affiliation, connection or association or Defendants with MSPD or as to the source of Defendants' services;

iii.    using any false designation or representation or origin in connection with the offering for sale or sale of services or false description or representation including words or other symbols tending to erroneously represent Defendants are associated with, connected to, or otherwise related to MSPD, of Defendants' services as being those of MSPD, or sponsored by or as being associated with MSPD, and offering such services into commerce;

iv.    making any statement or representation, or using any false designation of origin or performing any act, which can or is likely to cause the public to believe that any services advertised, promoted, offered for sale, or sold by Defendants are in any manner associated or connection with MSPD;

D.      For the entry of an order directing such other relief as the Court may deem appropriate to prevent the public from deriving any erroneous impression that Defendants or its services are authorized by or related in any way to MSPD's services or to MSPD.

E.      For an award to MSPD of Defendants' profits attributable to their infringement and the actual damages suffered by MSPD in such amount as may be found, or, alternatively, maximum statutory damages pursuant to 17 U.S.C. § 504, and MSPD's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

F.      For an award to MSPD of the damages suffered by MSPD; (a) all profits that Defendants have derived while using the MSPD's trademark; (b) costs and attorneys' fees to the full extent provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (c) punitive damages to the full extent available under the law.

G.      All other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues raised by this Amended Complaint that are triable by jury.

Dated:  August 13, 2021                              Respectfully submitted,

*/s/ David Ludwig*
David Ludwig (DC Bar No. 975891)
Hyung Gyu Sun (DC Bar No. VA096)
Dunlap Bennett & Ludwig PLLC
1200 G Street, NW
Washington, DC, 20005
(703) 777-7319 (t)
(703) 777-3656 (f)

dludwig@dbllawyers.com
hsun@dbllawyers.com

*Counsel for Metropolis Special Police
Department, LLC*